UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAWAYNE JERROLD LAWRENCE,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>LIZZARAGA,<br><br>　　　　　Respondent. | No. 2:16-cv-0792 GEB AC P<br><br>ORDER AND FINDINGS &<br>RECOMMENDATIONS |

Petitioner, a state prisoner proceeding through counsel and in forma pauperis, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Pending before the court is respondent's motion to dismiss on the grounds that petitioner is outside the one-year statute of limitations. ECF No. 8. Petitioner has responded to the motion (ECF No. 15) and respondent has replied (ECF No. 18). Also pending before the court are petitioner's requests for an evidentiary hearing and for appointment of counsel. ECF Nos. 15, 20.

I. Factual and Procedural Background

The petition indicates that petitioner pleaded no contest to attempted murder, voluntary manslaughter, second degree burglary, second degree robbery, vehicle theft, arson, assault with a deadly weapon, and carjacking. See ECF No. 1 at 1; Lodged Doc. No. 1. Several sentencing gang enhancement allegations were found to be true. Lodged Doc. No. 1. October 18, 2013, petitioner was sentenced to a determinate state prison term of sixty-nine years. Lodged Doc. No.

1. On April 17, 2014, an amended abstract of judgment was entered nunc pro tunc to October 18, 2013 to change the amount of restitution. Lodged Doc. 2.

     A.     Direct Review

Petitioner did not file a direct appeal.

     B.     State Collateral Review

Petitioner filed three pro se applications for collateral relief in the state courts.[1]

On June 22, 2015, petitioner filed his first petition for writ of habeas corpus in the Sacramento County Superior Court. Lodged Doc. 3. The court denied the petition on August 31, 2015. Lodged Doc. 4.

On October 8, 2015,[2] petitioner filed his second habeas petition in the California Court of Appeal, Third Appellate District. Lodged Doc. 5. The court denied the petition on November 25, 2015. Lodged Doc. 6.

Plaintiff filed his third habeas petition in the California Supreme Court on December 16, 2015.[3] Lodged Doc. 7. The petition was denied on March 16, 2016. Lodged Doc. 8.

     C.     The Federal Action

On April 13, 2016,[4] petitioner filed a federal habeas petition. ECF No. 1.

---

[1] In instances where petitioner was proceeding pro se, he is afforded the benefit of the prison mailbox rule. See Houston v. Lack, 487 U.S. 266, 276 (1988); see also Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates). Absent evidence to the contrary, where no certificate of service is present, the court will assume the documents were submitted on the date they were signed by petitioner. See Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003) (date petition is signed may be considered earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule).

[2] The second state petition shows a signature date of June 22, 2015, and a file-stamp date of October 8, 2015. Lodged Doc. 5. It appears that petitioner did not update the signature date of his second state petition since it bears the same signature date as his first state petition but was file-stamped over three months later. This court finds that petitioner's second state petition was filed on October 8, 2015, the file-stamped date.

[3] Although the affidavit of the prisoner petition preparer attached to the third petition was dated June 22, 2015 (the same date as the first petition), the signature date of the third petition is December 16, 2015. Lodged Doc. 7.

[4] Petitioner signed the petition on April 13, 2016, and it was docketed on April 18, 2016. ECF No. 1.

## II. Motion to Dismiss

Respondent moves to dismiss the instant petition as untimely. ECF No. 8. Respondent argues that petitioner's judgment became final on December 17, 2013, when the sixty-day period to seek direct review of his October 18, 2013 judgment ended, and, absent tolling, the last day to file his federal habeas petition was December 17, 2014. Id. at 3. Respondent asserts that petitioner is not eligible for statutory tolling because petitioner did not file any state post-conviction collateral actions challenging the judgment at issue within the one-year limitations period. Id.

## III. Opposition

In response to respondent's motion, petitioner does not dispute that the one-year statute of limitations has expired. ECF No. 15 at 1-3. Petitioner argues that he is entitled to equitable tolling because he suffers from mental illness. Id.

## IV. Reply

Respondent replies that petitioner is not entitled to equitable tolling because he was not diligent in pursuing his rights and has not established that he was subject to extraordinary circumstances. ECF No. 18 at 6. Respondent argues that petitioner "has not shown that he suffered from a severe mental impairment that made it impossible for him to have filed on his own, or otherwise, a timely application during the relevant one-year limitations period." Id. at 4-6.

## V. Discussion

Section 2244(d)(1) of Title 28 of the United States Code contains a one-year statute of limitations for filing a habeas petition in federal court. The one-year clock commences from one of several alternative triggering dates. See 28 U.S.C. § 2244(d)(1). In this case, the applicable date is that "on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A).

Respondent identifies December 18, 2013, as the beginning of the one-year period (ECF No. 1 at 3), and petitioner does not dispute this. The court finds that respondent has identified the correct date that the statute of limitations began to run. Judgment was entered on October 18,

2013.[5] Lodged Doc. 4. The time to seek direct review ended on December 17, 2013, when the sixty-day period to file an appeal in the state appellate court expired. Stancle v. Clay, 692 F.3d 948, 951 (9th Cir. 2012) (citing Cal. R. Ct. 8.308(a)); Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006). The one-year limitations period commenced running the following day—December 18, 2013. Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)) (the day order or judgment becomes final is excluded and time begins to run the day after the judgment becomes final). Thus, absent any statutory or equitable tolling, the statute of limitations expired on December 17, 2014.

The instant petition was filed on April 13, 2016. ECF No. 1. Without statutory or equitable tolling, the petition was filed after the statute of limitations expired.

A.    Statutory Tolling

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). Petitioner did not file his first state habeas petition until June 22, 2015 (Lodged Doc. 3), six months after the AEDPA one-year limitation period had expired. A state habeas petition has no tolling effect if it is filed after the AEDPA limitations period has already expired. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that section 2244(d) does not permit the re-initiation of the

---

[5] On April 17, 2014, an amended abstract of judgment was entered nunc pro tunc to October 18, 2013 to change the amount of restitution. Lodged Doc. 2. It is unclear whether the amendment was the result of a clerical error. If it was, then the amendment would not result in a new judgment. See Brumfield v. Cate, 2010 WL 2267504, at *2, 2010 U.S. Dist. LEXIS 62762, at *4-5 (N.D. Cal. 2010) (holding that the correction of a clerical error was not the result of any judicial evaluation or change in judgment, and therefore was not and could not have constituted a new final judgment). Even if the amendment was for a non-clerical reason, an alternative date of finality is not appropriate as the reduced restitution amount did not constitute a new sentence or judgment that holds petitioner in confinement. See Carrillo v. Zupan, 2015 WL 3929650, at *2, 2015 U.S. Dist. LEXIS 82728, at *4 (D. Colo. 2015) (finding that a reduction in the restitution amount had no effect on the confining judgment and did not provide a later trigger-date); Pease v. Beach, 2011 WL 6001865, at *3-4, 2011 U.S. Dist. LEXIS 140286, at *11-12 (D. Alaska 2011) (rejecting the argument that the judgment was not final until restitution was imposed in the trial court upon remand because the issue of restitution did not amount to a new judgment on which the inmate was being held in custody).

AEDPA limitations period that has ended before the state petition was filed); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (concluding that delay in filing state habeas petition until after the AEDPA limitations period had expired "resulted in an absolute time bar to refiling after [petitioner's] state claims were exhausted."). Consequently, petitioner's three state habeas corpus petitions do not toll the limitations period.

### B. Equitable Tolling

A habeas petitioner is entitled to equitable tolling of AEDPA's one-year statute of limitations only if the petitioner shows: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009). An "extraordinary circumstance" has been defined as an external force that is beyond the inmate's control. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" Holland, 560 U.S. at 653 (internal citations and additional quotation marks omitted); see also Bills v. Clark, 628 F.3d 1092, 1096 (9th Cir. 2010).

Petitioner requests equitable tolling based on his mental illness and "cognitive disability impairment," which he alleges "prevented him from filing in a timely manner." ECF No. 15 at 2-3. The only information that petitioner provides regarding his condition is the fact that he has been enrolled in a mental health treatment plan since November 5, 2013; has been diagnosed with Psychotic DO, NOS; is a participant in the Correctional Clinical Case Management System ("CCCMS"); and that his Global Assessment of Functioning (GAF) score is 68. See id. at 2-3, 52, 54-55.

In Bills, 628 F.3d at 1093, the Ninth Circuit concluded that "equitable tolling is permissible when a petitioner can show a mental impairment so severe that the petitioner was unable personally either to understand the need to timely file or prepare a habeas petition, and that impairment made it impossible under the totality of the circumstances to meet the filing deadline despite petitioner's diligence."

Here, petitioner fails to meet either prong of this standard. Although petitioner was

included in the mental health treatment population since November 5, 2013, he provides only three pages of mental health records. ECF No. 15 at 52, 54-55. These records are dated January 14, 2016, which is over one year after the December 17, 2014 expiration of the AEDPA limitations period. Only the first page—a mental health treatment plan annual review—appears to contain information regarding petitioner's mental health condition during the relevant limitations period. Id. at 52. According to the mental health report, petitioner was diagnosed with Psychotic DO, NOS, and included in the mental health treatment population at the CCCMS level. Id. Petitioner was never admitted to a mental health crisis bed or the Department of State Hospitals or included in the mental health treatment population on an enhanced outpatient status. Id. Inmate patients included in CCCMS level are "[s]table functioning in the general population" and "[e]xhibit[] symptom control, or [are] in partial remission as a result of treatment." Lodged Doc. 9. "While mentally disordered, these inmate-patients can function in the general population and do not require a clinically structured, therapeutic environment." Id. Thus, petitioner's level of mental health placement demonstrates that he was not completely mentally incapacitated and that his mental impairment was not severe. Lawrence Florida, 549 U.S. 327, 337 (2007); Bills, 628 F.3d at 1099-1100; United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). As such, petitioner's assignment to the CCCMS level of care, without more, does not support equitable tolling because it "suggests that petitioner was able to function despite his mental problems." Henderson v. Allison, No. 1:11-CV-00391 LJO, 2012 WL 3292010, at *9, 2012 U.S. Dist. LEXIS 113788, at *25 (E.D. Cal. Aug. 13, 2012).

In addition, petitioner has not argued or submitted documentary evidence that suggests he scored low on an IQ test. Rather, the documents indicate that petitioner communicated effectively and achieved a TABE score of 9.4,[6] and that petitioner's mental faculties were within normal limits (his GAF score was 68). ECF No. 15 at 52, 54-55. Petitioner's GAF score indicates that he operates at the upper end of the range (61-70) and has "[s]ome mild symptoms

---

[6] TABE stands for "Test of Adult Basic Education," which measures an inmate's ability to understand and participate in the disciplinary process. See Cal. Code Regs., tit. 15, § 3000 (defining "effective communication"). When an inmate has a TABE score of 4.0 or below, prison staff must assess whether the inmate requires a Staff Assistant. Id.

6

1 (e.g., depressed mood and mild insomnia) *or* some difficulty in social, occupational, or school
2 functioning (e.g., occasional truancy, or theft within the household), but generally function[s]
3 pretty well, has some meaningful interpersonal relationships." Lodged Doc. 10.

4     The mental health records provided by petitioner do not show how his condition and
5 medication affected his cognitive functioning during the relevant one-year limitations period.
6 Thus, petitioner has not shown that he suffered from a severe mental impairment that made it
7 impossible for him to have filed on his own, or otherwise, a timely application during the relevant
8 one-year limitations period as required by Bills, 628 F.3d at 1100.  Furthermore, petitioner's
9 mental health records indicate that, before December 20, 2015, he experienced mental health
10 symptoms at a more elevated level.  Yet petitioner filed all three state habeas petitions during this
11 time, which demonstrates that petitioner had the mental awareness to challenge his federal habeas
12 petition in a timely manner despite his mental illness.

13     Thus, while petitioner suffered from mental illness during the relevant period, petitioner
14 failed to demonstrate that his mental impairment was so severe that he was unable to either
15 understand the need to file or to personally prepare and file a habeas petition within the AEDPA
16 limitations period.  Accordingly, petitioner does not meet the first prong of the Bills test.

17     Even if petitioner's mental illness was so severe as to meet the first prong of Bills,
18 petitioner failed to address the second prong issue of diligence.  Petitioner "must diligently seek
19 assistance and exploit whatever assistance is reasonably available." Id.  A petitioner may satisfy
20 the diligence prong if "the petitioner's mental impairment prevented him from locating assistance
21 or communicating with or sufficiently supervising any assistance actually found." Id.  But, as the
22 Supreme Court noted in Holland, the diligence requirement is not maximum diligence but rather
23 reasonable diligence. Id.  Thus, the court must examine whether, given petitioner's impairments,
24 he was sufficiently diligent.

25     Here, petitioner alleged no facts showing that he attempted to obtain assistance in order to
26 file a timely petition, or that his alleged mental problems prevented him from locating or
27 communicating with others for assistance.  Instead, records reflect that petitioner filed three state
28 habeas petitions, with assistance, raising substantive legal challenges.  Moreover, petitioner was

able to secure assistance and file, albeit untimely, the instant federal petition. Petitioner must do more than simply assert his mental impairments to establish that he is entitled to equitable tolling. In addition to being able to secure assistance with his state and federal petitions, review of the medical records demonstrates that petitioner was able to communicate clearly with medical professionals. ECF No. 15 at 52. Petitioner has alleged no facts demonstrating a causal connection between his alleged mental illness and his inability to file a *timely* petition. "Without any allegation or evidence of how petitioner's symptoms actually caused him not to be able to file despite his diligence, the court cannot find that he is entitled to equitable tolling." Taylor v. Knowles, No. CIV S-07-2253 WBS EFB P, 2009 WL 688615, at *6, 2009 U.S. Dist. LEXIS 20110, at *20 (E.D. Cal. Mar. 13, 2009), aff'd, 368 Fed. Appx. 796 (9th Cir. 2010) (no equitable tolling where petitioner failed to show his auditory hallucinations, severe depression, and anxiety "actually caused him not to be able to file despite his diligence"); see also Howell v. Roe, No. C 02-1824 SI, 2003 WL 403353, at *4, 2003 U.S. Dist. LEXIS 2458, at *12-13 (N.D. Cal. Feb. 20, 2003) (rejecting equitable tolling where petitioner's suicidal nature and depression did not make him mentally incompetent). Here, petitioner failed to allege how his condition interfered with his ability to timely file the instant petition.

Accordingly, petitioner has not shown that his mental impairment was an "extraordinary circumstance" beyond his control, to where he was unable rationally or factually to personally understand the need to timely file, or being unable personally to prepare a habeas petition and effectuate its filing. Bills, 628 F.3d at 1100. Petitioner is not entitled to equitable tolling, and his claims remain barred by the statute of limitations.

For these reasons, the undersigned recommends denying equitable tolling due to petitioner's alleged mental impairment.

VI.     Request for Evidentiary Hearing

A habeas petitioner's motion for an evidentiary hearing should be granted when he makes "a good-faith allegation that would, if true, entitle him to equitable tolling." Laws v. Lamarque, 351 F.3d 919, 921 (9th Cir. 2003). However, if the petitioner's claim can be resolved on the existing record, a federal evidentiary hearing is unnecessary. Totten v. Merkle, 137 F.3d 1172,

1176 (9th Cir. 1998).  Moreover, conclusory allegations that are unsupported by specific facts do not warrant an evidentiary hearing.  Williams v. Woodford, 384 F.3d 567, 589 (9th Cir. 2002) (citing Phillips v. Woodford, 267 F.3d 966, 973 (9th Cir. 2001)); Coleman v. McCormick, 874 F.2d 1280, 1284-85 (9th Cir. 1989).  "[A] petitioner's statement, even if sworn, need not convince a court that equitable tolling is justified should countervailing evidence be introduced."  Laws, 351 F.3d at 924.  "District courts have limited resources (especially time), and to require them to conduct further evidentiary hearings when there is already sufficient evidence in the record to make the relevant determination is needlessly wasteful."  Roberts v. Marshall, 627 F.3d 768, 773 (9th Cir. 2010).

As set forth above in Section V.B, even if extraordinary circumstances did exist, petitioner was not diligent in pursuing his habeas litigation.  Thus, petitioner's request for an evidentiary hearing is denied.

VII.   Requests for Appointment of Counsel

In light of the court's recommendation that respondent's motion to dismiss be granted, petitioner's requests for counsel (ECF Nos. 15, 20) will be denied.

VIII.   Conclusion

For the reasons set forth above, respondent's motion to dismiss should be granted because the petition is untimely and petitioner is not entitled to equitable tolling.  Petitioner's requests for an evidentiary hearing and for appointment of counsel will be denied.

IX.   Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case.  Therefore, no certificate of appealability should issue.

Accordingly, IT IS HEREBY ORDERED that petitioner's requests for an evidentiary hearing and for appointment of counsel (ECF Nos. 15, 20) are denied.

9

IT IS FURTHER RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 8) be granted and petitioner's application for a writ of habeas corpus be denied as untimely.

2. This court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **ten (10)** days after being served with these findings and recommendations, any party may file written objections with the court, which shall be captioned "Objections to Magistrate Judge's Findings and Recommendations."  **Due to exigencies in the court's calendar, no extensions of time will be granted.**[7]  A copy of any objections filed with the court shall also be served on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 6, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[7] Petitioner is informed that in order to obtain the district judge's independent review and preserve issues for appeal, he need only identify the findings and recommendations to which he objects.  There is no need to reproduce his arguments on the issues.